Filed 10/24/24  P. v. Rosas CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G062933 |
| v. | (Super. Ct. No. C-93787) |
| JAIME SALAZAR ROSAS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from postjudgment orders of the Superior Court of Orange County, Steven D. Bromberg, Judge. Affirmed.

Jason L. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Jaime Salazar Rosas filed a petition for resentencing under former Penal Code section 1170.95 (now codified as § 1172.6)[1] on his murder and attempted murder convictions. The trial court denied the petition as to the attempted murder conviction at the prima facie stage and denied the petition as to the murder conviction following an evidentiary hearing.

We appointed counsel to represent Rosas on appeal. Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, appointed counsel filed a brief setting forth the facts of the case and, without arguing against his client, stated he was not able to identify any arguable issues on appeal and asked us to conduct an independent review of the entire record. Rosas was given notice and an opportunity to file a supplemental brief but did not do so within the time provided.

Under *People v. Delgadillo, supra,* 14 Cal.5th at pages 231 to 232, the Court of Appeal may conduct an independent review of the record in the exercise of its discretion, and we elect to do so. After fully examining counsel's brief and the entire record, we find no reasonably arguable issue on appeal and affirm.

FACTS

On October 15, 1991, C.J. (the victim of the attempted murder) was walking home with two friends when they met Rosas and another man. The other man began to beat C.J. while Rosas stood by, pointing a revolver at C.J. Rosas told C.J. that if C.J. tried to avoid being hit, Rosas would shoot him. Rosas then asked C.J. for money. C.J. and one of his friends gave

---

[1] All further statutory references are to the Penal Code. Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6 without substantive change. (Stats. 2022, ch. 58, § 10.) For clarity, we refer to the statute as section 1172.6 throughout the opinion.

Rosas's companion their money; C.J.'s other friend did not have any money and so gave nothing.

After the money was handed over, Rosas commented that C.J. had hit one of Rosas's friends some months earlier. Rosas then asked C.J. if he wanted to see if Rosas's gun would work and threatened to kill C.J. Rosas was pointing the gun at C.J.'s head at the time. One of C.J.'s friends tried to defend C.J., and Rosas shot at the friend, but missed. Rosas then pointed the gun at C.J.'s chest and fired, but the gun did not go off. Rosas tried another shot and the gun failed again. Rosas shot at C.J. a third time. This time, the gun worked and the bullet passed by the side of C.J.'s head. Rosas shot a fourth time and the bullet hit C.J. on his right leg near the hip joint. C.J. fell to the ground and Rosas shot him again, this time in the left knee. Rosas and his companion then ran from the scene.

On November 18, 1991, Miguel Gallardo and his girlfriend, C.F., were walking through their apartment complex when a man ran up and grabbed Gallardo. C.F. told the man to leave them alone and continued walking while Gallardo and the man wrestled. When C.F. looked back, she saw Rosas, wearing a dark beanie and holding a rifle, watching Gallardo and the man wrestling. C.F. then went to a nearby apartment for help, but she was not able to get in. C.F. was able to see Gallardo, who was still wrestling with the man, and Rosas standing nearby pointing the rifle towards Gallardo and the man. C.F. ran toward another apartment and did not see what happened next.

L.T., a resident of the apartment complex witnessed the events from the window of his apartment. He heard a shot and looked out his window to see three men fighting. He saw one of the men had a rifle. L.T.

3

described the man with the rifle as wearing a dark beanie. Gallardo died from a gunshot wound.

Rosas was charged with attempted murder in connection with the shooting of C.J. and first degree murder in connection with the killing of Gallardo. The information further alleged Rosas personally used a firearm within the meaning of section 1203.06, subdivision (a)(1) and section 12022.5, subdivision (a) in connection with the charges of murder and attempted murder and that he inflicted great bodily injury upon C.J. in connection with the charge of attempted murder.

Rosas was convicted by a jury of one count of first degree murder (§187, subd. (a)) and one count of attempted murder (§§ 187, subd. (a) & 664). The jury also found true the allegations that Rosas personally used a firearm in connection with the murder and attempted murder and that Rosas personally inflicted great bodily injury on C.J. in connection with the attempted murder.[2]

Rosas was sentenced to 25 years to life on the first degree murder conviction plus five consecutive years for the firearm enhancement. On the attempted murder conviction, Rosas received a life sentence with the possibility of parole plus five consecutive years for the firearm enhancement, all of which were consecutive to the first degree murder sentence.

---

[2] Rosas was also convicted of one count of torture (§ 206 [count 3]), two counts of robbery (§ 211 [counts 4 & 5]), one count of attempted robbery (§§ 664, 211 [count 6]), and one count of shooting at an unoccupied vehicle (§ 247, subd. (b) [count 7]). The jury found true allegations of personal firearm use as to counts 3 through 6 and personal infliction of great bodily injury as to count 4. These convictions and findings are not relevant to this appeal.

4

In March 2022, Rosas filed a petition for resentencing under section 1172.6 as to his convictions of first degree murder and attempted murder. At the prima facie hearing, the trial court denied the petition as to the attempted murder conviction but found Rosas had made a prima facie case as to the first degree murder conviction. After hearing argument and admitting the trial transcript as evidence, the court denied the petition as to the first degree murder conviction.

Rosas timely appealed the trial court's orders denying his petition for resentencing as to both convictions.

## DISCUSSION

Pursuant to *Anders v. California* (1967) 386 U.S. 738, appointed counsel identified two issues to assist us in conducting our independent review: (1) whether the trial court committed prejudicial error in denying Rosas's petition as to the attempted murder conviction at the prima facie stage; and (2) whether substantial evidence was presented at the evidentiary hearing to support Rosas's conviction of first degree murder on a direct perpetrator theory. Neither issue presents a reasonably arguable issue on appeal, and no other reasonably arguable issue is presented by the record.

## I.

### SECTION 1172.6

Rosas seeks to be resentenced under section 1172.6, which allows "[a] person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequence doctrine, or manslaughter [to] file a petition with the court that sentenced the petitioner

to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced . . . ." (§ 1172.6, subd. (a).)

Relief under section 1172.6 is not available if the "defendant was either the actual killer, acted with the intent to kill, or 'was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [Penal Code] Section 190.2.'" (*People v. Strong* (2022) 13 Cal.5th 698, 710.)

## II.

### DENIAL OF THE PETITION ON THE ATTEMPTED MURDER CONVICTION

In his petition, Rosas asserted he was tried under a theory of "attempted murder under the natural and probable consequences doctrine." As petitioner, Rosas had the burden of making a prima facie case for relief. (*People v. Lewis* (2021) 11 Cal.5th 952, 972.) "At the prima facie stage, a court must accept as true a petitioner's allegation that he or she could not currently be convicted of a homicide offense because of changes to Section 188 or 189 made effective January 1, 2019, *unless the allegation is refuted by the record.*" (*People v. Curiel* (2023) 15 Cal.5th 433, 463, italics added.) We review de novo whether a petitioner has made a prima facie case for relief. (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.)

Here, the record shows Rosas is ineligible for relief as to the attempted murder conviction for the simple reason that the jury was not instructed on the natural and probable consequences doctrine in connection with that charge. (*People v. Coley* (2022) 77 Cal.App.5th 539, 548; see *People v. Offley* (2020) 48 Cal.App.5th 588, 599 ["if the jury did not receive an instruction on the natural and probable consequences doctrine, the jury could not have convicted the defendant on that basis, and the petition should be summarily denied"].)

6

Moreover, the jury found Rosas (1) personally used a firearm in connection with the attempted murder, and (2) "with the specific intent to inflict such injury, did personally inflict great bodily injury" on C.J., "during the commission of the [attempted murder]." In other words, the jury found Rosas was the direct perpetrator of the attempted murder, making him ineligible for relief under section 1172.6.

Rosas's allegation that he could not be convicted of attempted murder under current law is conclusively refuted by the record of the jury's findings, and the trial court did not err in denying Rosas's petition as to that charge at the prima facie stage.

III.

DENIAL OF THE PETITION ON THE MURDER CONVICTION

To determine if the trial court properly denied Rosas's section 1172.6 petition as to the murder conviction after an evidentiary hearing, "'"'we review the factual findings for substantial evidence and the application of those facts to the statute de novo.'"'" (*People v. Arnold* (2023) 93 Cal.App.5th 376, 383.) Here, based on the evidence and the jury's findings, Rosas was the murderer. At trial, Rosas introduced evidence he was elsewhere at the time of Gallardo's murder and someone else had confessed to the murder. The prosecution, however, presented two eyewitnesses who identified Rosas as the individual with the rifle, one of whom testified Rosas shot Gallardo. Further, three hours after the murder, Rosas was seen hiding the rifle and admitted it was his.

The jury rejected Rosas's alibi defense and found Rosas guilty of first degree murder. It also found that Rosas personally used a firearm during the commission of the murder. Because the record of conviction

7

establishes Rosas was the direct perpetrator who acted with the intent to kill, the trial court did not err in denying his petition as to the murder conviction.

After an independent review of the entire appellate record and the brief of counsel, we find no arguable issue. Rosas has been represented by competent counsel. We therefore affirm the trial court's orders denying Rosas's petition for resentencing.

## DISPOSITION

The postjudgment orders are affirmed.


GOODING, J.

WE CONCUR:


SANCHEZ, ACTING P. J.


MOTOIKE, J.